```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
SHANNON V. CAMPBELL,
                                          No. 6:14-CV-06585 (MAT)
                           Petitioner,    DECISION AND ORDER
         -vs-

MICHAEL SHEAHAN, Superintendent,

                           Respondent.
```
___

## I.  Introduction

Shannon V. Campbell ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment of conviction entered in New York State Supreme Court, Erie County, following a jury verdict convicting him of sexual abuse in the first degree (N.Y. Penal Law § 130.65(3)), and three counts each of: rape in the first degree (N.Y. Penal Law § 130.35(3)), endangering the welfare of a child (N.Y. Penal Law § 260.10(1)), sodomy in the first degree (N.Y. Penal Law § 130.50(3)), and incest (N.Y. Penal Law § 255.25). Petitioner was originally sentenced in a judgment dated May 31, 2000, but was resentenced pursuant to New York Correction Law § 601-d on January 24, 2012. The judgment of resentencing is the judgment petitioner challenges in the instant habeas proceeding.

## II.  Factual Background and Procedural History

By indictment number 99-0777, an Erie County grand jury charged petitioner with eleven counts of varying sexual abuse

charges against his daughter and two nieces. At trial, petitioner's daughter, Shanna, and niece, Shamika (both age eight at the time of the incidents), testified that on separate occasions he raped and sodomized them, and his niece, Shakia (age six at the time of the incident), testified that he raped her. Medical evidence established that all three girls exhibited physical characteristics consistent with their accounts of abuse, and other evidence admitted at trial corroborated their various statements. See Campbell v. Poole, 555 F. Supp. 2d 345, 351-56 (W.D.N.Y. 2008) (discussing trial evidence in detail).

The jury convicted petitioner as outlined above. On May 31, 2000, petitioner was sentenced to an aggregate term of 75 years.[1] That sentence did not include any term of post-release supervision ("PRS"). On January 24, 2012, petitioner was resentenced pursuant to New York Correction Law § 601-d, which resentence added five years of PRS to the rape and sodomy counts. See generally People v. Sparber, 10 N.Y.3d 457 (2008) (holding that New York's procedural law required judicial pronouncement of PRS).

Petitioner filed a counseled direct appeal and a *pro se* supplemental brief to the New York State Supreme Court, Appellate

---

[1] As the New York State Supreme Court, Appellate Division, Fourth Department noted in petitioner's direct appeal of the original conviction as well as in his appeal of his resentence, that sentence was reduced by operation of law (see see N.Y. Penal Law § 70.30(1)(e)(vi)) to 50 years. See People v. Campbell, 111 A.D.3d 1253, 1254 (4th Dep't 2013), lv. denied, 23 N.Y.3d 1018 (2014).

Division, Fourth Department. The Fourth Department unanimously affirmed the conviction and denied reargument, and the New York State Court of Appeals denied leave to appeal. See People v. Campbell, 286 A.D.2d 979 (4th Dep't 2001), rearg. denied, 2001 WL 1656991 (4th Dep't 2001), lv. denied, 97 N.Y.2d 702 (2002).

Petitioner filed four post-conviction motions to vacate the conviction pursuant to New York Criminal Procedure Law ("CPL") §§ 440.10 and 440.20. The Court will address the arguments raised in those motions only as relevant to its discussion of petitioner's claims in the instant habeas proceeding. The first motion was filed on January 10, 2002, denied by the trial court on June 11, 2002, and leave to appeal was denied on December 16, 2002. The second was filed on October 21, 2003, denied by the trial court on January 29, 2004, and leave to appeal was denied on March 29, 2004. The trial court also denied petitioner's motion for reconsideration of the second motion on April 6, 2004, and leave to appeal that decision was denied on May 24, 2004.

Petitioner then brought his first petition for habeas corpus relief in this Court, which petition was dated June 8, 2004. That petition raised six grounds: (1) trial counsel was ineffective; (2) prosecutorial misconduct occurred before the state grand jury; (3) various errors occurred at the trial court level; (4) the admission of child testimony was error; (5) petitioner's sentences violated the state sentencing law; and (6) defects existed in the indictment. This Court denied petitioner's claims and dismissed the

3

petition. See Campbell, 555 F. Supp. 2d 345, reconsideration denied, 2008 WL 2561998 (W.D.N.Y. June 26, 2008). On August 22, 2008, petitioner filed a *pro se* motion for a certificate of appealability to the Second Circuit, which was denied on October 29, 2008. On January 23, 2009, petitioner filed a *pro se* petition for a writ of certiorari from the United States Supreme Court, to which petitioner did not receive a response.

Petitioner filed his third CPL §§ 440.10/440.20 motion on June 4, 2009, which was denied by the trial court on September 22, 2009, and leave to appeal was denied on December 17, 2009. Petitioner's motion for reargument of that motion was denied on February 24, 2010, and leave to appeal was denied on May 6, 2010.

Petitioner appealed his January 12, 2012 resentence in a counseled appeal filed March 5, 2013. He also filed a *pro se* supplemental brief on June 18, 2013. The Fourth Department unanimously affirmed petitioner's conviction on November 8, 2013, and the Court of Appeals denied leave. See People v. Campbell, 111 A.D.3d 1253 (4th Dep't 2013), lv. denied, 23 N.Y.3d 1018 (2014). Petitioner then filed a fourth CPL §§ 440.10/440.20 motion on January 23, 2013, which was denied by the trial court on May 17, 2013, and leave to appeal was denied on October 21, 2013.

D.   **The Federal Habeas Proceeding**

This habeas petition followed, in which petitioner contends: (1) he has established actual innocence; (2) the verdict is unsupported by legally sufficient evidence and is against the

weight of the evidence; (3) he was denied a fair trial as a result of prosecutorial misconduct; (4) he was denied effective assistance of trial counsel; (5) judicial misconduct occurred at the original sentencing and at resentencing; and (6) his sentence is harsh and excessive. Respondent contends that this petition should be dismissed for lack of jurisdiction as a second and successive petition under 28 U.S.C. § 2244(b)(3), or alternately as untimely as to every ground except ground six.

For the reasons discussed below, the request for a writ of habeas corpus is denied and the petition is dismissed.

**III. Second and Successive Petition**

Initially, the Court addresses respondent's argument that this is a second and successive petition within the meaning of 28 U.S.C. § 2244(b)(3). That statute provides that before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. Petitioner in this case did not seek such authorization.

However, the petition in this case challenges the judgment of January 24, 2012, which resentenced petitioner pursuant to New York Corrections Law § 601-d. Where there is a "new judgment intervening between the two habeas corpus petitions, an application challenging the resulting new judgment is not 'second or successive' at all." Magwood v. Patterson, 561 U.S. 320, 341-42 (2010). Therefore, even

though this petition raises various claims which could have been – or were – brought in the prior habeas proceeding, based upon the Supreme Court's ruling in Magwood, the petition is not successive. See id. at 353 (criticizing majority for "allow[ing] a challenger in Magwood's position to raise any challenge to the guilt phase of the criminal judgment against him in his second application, since a 'new' judgment – consisting of both the conviction and sentence – has now been reentered and all of the errors have (apparently) occurred anew") (Kennedy, J., dissenting); see also Hibbert v. Lempke, 2015 WL 5022352, *2 (W.D.N.Y. Aug. 24, 2015) (noting Second Circuit's determination that resentencing pursuant to N.Y. Corr. L. § 601-d was not successive).

This case thus "falls squarely within the category of cases which the Magwood majority specifically declined to address, and which the dissent warned about, that is, a petitioner who has obtained relief solely as to one aspect of the case, resulting in the entry of a new judgment and sentence, who then files a second section 2254 application challenging not only his new sentence, but his original, undisturbed convictions." Mills v. Lempke, 2012 WL 1574749, *7 (W.D.N.Y. May 3, 2012) (quoting Arenas v. Walker, 2012 WL 294688, *3 (C.D. Cal. Feb. 1, 2012)). Because this is not a second and successive petition, the Court will proceed to consider petitioner's grounds.

The Court notes, however, that it "reads the Magwood majority's comment in footnote 15 as sanctioning the summary

dismissal of previously-raised habeas claims in a subsequent petition when such claims have already been analyzed by the federal court in an earlier petition." Mills v. Lempke, 2013 WL 435477, *6 (W.D.N.Y. Feb. 4, 2013) (internal citation omitted). Here, various issues raised by petitioner were already addressed in the Court's decision on the first petition. The following grounds are therefore summarily dismissed: under ground two, petitioner's claim that the indictment was insufficient (see Campbell, 555 F. Supp. 2d at 378-80); and under ground four, petitioner's claims that defense counsel was ineffective for failing to investigate the People's evidence and failing to independently test forensic evidence (see id. at 360-67).[2]

For the sake of clarity, the Court notes that the only "new" (i.e., relating to the second judgment and not the original proceeding) claims brought in this petition are petitioner's claim that counsel was ineffective for failing to obtain an updated presentence investigation report ("PSI") prior to resentencing, petitioner's claim that the court committed judicial misconduct by failing to order and provide petitioner with an updated PSI, and petitioner's claim that imposition of five years PRS to various counts of his sentence resulted in an unduly harsh and severe sentence.

---

[2] These particular claims regarding ineffective assistance of counsel are also procedurally defaulted as more fully discussed below.

7

**IV. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**V. Grounds Asserted in the Petition**

    **A.   Actual Innocence (Ground One)**

Petitioner contends that he is actually innocent of the crimes for which he was convicted, stating simply that he "showed clear and convincing evidence of actual/factual innocence based on a violation of [the] State and Federal Constitution." Doc. 1 at 5. Petitioner raised actual innocence in his *pro se* supplemental brief on his direct appeal from the June 24, 2012 judgment resentencing him, and also raised the claim in his fourth motion to vacate the conviction which was brought pursuant to CPL §§ 440.10 and 440.20. In support of his argument, petitioner claimed that the prosecution

elicited perjured testimony from law enforcement witnesses, and that "test results signal[ed] defendant's innocence." See doc. 6, Exh. S, T. More specifically, petitioner alleged that two police witnesses testified that they could not recall whether certain lubricants obtained from defendant's residence were tested for DNA evidence. Petitioner argued that because the prosecutor was aware that those items were tested, and were negative for DNA evidence, the prosecutor elicited perjured testimony. The Court notes that petitioner has presented no evidence that perjured testimony was actually presented, but rather imputes the prosecutor's knowledge of testing onto the police witnesses, and concludes that perjury occurred. Petitioner has also not alleged that any newly discovered evidence exists; he merely offers his interpretation of the evidence that was known to exist at the time of his trial.

Even if petitioner had presented newly discovered evidence, this claim would be dismissed. Petitioner's stand-alone claim of "actual innocence" is not cognizable in this habeas proceeding. "A claim 'based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" Ortega v. Duncan, 333 F.3d 102, 108 (2d Cir. 2003) (quoting Herrera v. Collins, 506 U.S. 390 400 (1993)); see also Greene v. Walker, 205 F.3d 1322 (2d Cir. 1999). As the Supreme Court reasoned in Herrera, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of

9

freestanding claims of actual innocence." 506 U.S. at 401. This rule is grounded in the principle that habeas courts do not sit to correct errors of fact, but rather to ensure that individuals are not imprisoned in violation of their federal constitutional rights. Herrera, 506 U.S. at 400; see also Taylor v. Poole, 2010 WL 419968, *8 (W.D.N.Y. Jan. 29, 2010); Ortiz v. Woods, 463 F. Supp. 2d 380, 393-94 (W.D.N.Y. 2006).

    **B.**    **Procedural Default as to Various Claims**

For the following reasons, the Court determines that the following claims are procedurally defaulted: (1) petitioner's claims as to weight and sufficiency of the evidence supporting the verdict; (2) petitioner's claims of prosecutorial misconduct in the original proceeding; and (3) petitioner's claims that counsel was ineffective for failing to investigate the People's evidence, failing to independently test forensic evidence, failing to object to the prosecutor's remarks on summation, and failing to object to an alleged ex parte communication by the trial judge prior to the original sentencing.

Petitioner contends that the prosecutor committed misconduct, such that he was denied a fair trial, when the prosecutor elicited perjured testimony, "offered prefatory remarks [in the opening statement] regarding the quantum of evidence intended to be laid out before the jury and what the evidence would prove," failed to disclose "exculpatory DNA evidence" to the defense, and intimidated defense witnesses such that the jury was denied the "chance to hear

exculpatory testimony." Doc. 1 at 8. Petitioner also contends that the verdict was unsupported by legally sufficient evidence and was against the weight of the evidence, and raises various claims as to ineffective assistance of counsel.[3]

Petitioner raised all of these arguments in his direct appeal of his resentence. He raised the prosecutorial misconduct and ineffective assistance arguments in his fourth CPL §§ 440.10/440.20 motion. The trial court denied that motion on the basis that his prosecutorial misconduct and ineffective assistance claims were considered and rejected on direct appeal. However, the Court notes that the Fourth Department did not actually *consider* any of petitioner's claims which challenged the original proceeding, noting:

> We do not address any of the contentions raised by defendant in his pro se supplemental brief inasmuch as they concern matters related to the original proceeding. Where, as here, the resentence is conducted for the purpose of rectifying a Sparber error—that is, an error in failing to impose a required period of PRS—[t]he defendant's *right to appeal is limited to the correction of errors or the abuse of discretion at the resentencing proceeding*[.]

Campbell, 111 A.D.3d at 1254 (emphasis added) (internal citation and quotation marks omitted).

These claims are procedurally defaulted. See Cunningham v. Conway, 717 F. Supp. 2d 339, 347 (W.D.N.Y. June 15, 2010) (adopting report and recommendation). As the Cunningham court noted, "[a]

---

[3] As noted above, petitioner's challenge to the sufficiency of the indictment has already been summarily dismissed because it was decided in petitioner's prior habeas proceeding.

11

federal claim is procedurally defaulted when a prisoner has 'failed to meet the State's procedural requirements' for presenting it and has therefore 'deprived the state courts of an opportunity to address [the claim] in the first instance.'" 717 F. Supp. 2d at 347 (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)). Here, because petitioner failed to raise these claims on his first appeal of the original proceeding, he deprived the state courts of the opportunity to address them at any later time. As the Fourth Department explained, because these claims were raised in the context of a direct appeal of a resentence, they were outside of petitioner's limited rights of appeal in that proceeding. Thus, these claims are "deemed exhausted because [they are] procedurally barred from presentation to a state court." Id.

Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Accordingly, the above-enumerated claims are procedurally defaulted from habeas review and dismissed on that basis.

> **D. Remaining Claim of Ineffective Assistance of Trial Counsel (Ground Four)**

Petitioner's only remaining claim as to ineffective assistance is that counsel at resentencing failed to obtain a new PSI prior to resentencing. Petitioner raised this claim in his fourth CPL §§ 440.10/440.20 motion. In his May 17, 2013 order denying that motion, Judge Boller denied the claim pursuant to CPL § 440.10(2)(a), finding it was previously determined by the Fourth Department. A review of the Fourth Department's order, however, reveals no discussion of this particular issue on its merits.

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Although the Fourth Department did not explicitly address this ineffective assistance argument in its order on the direct appeal, it did explicitly decide that petitioner's claim regarding resentencing without an updated PSI was without merit. Campbell, 111 A.D.3d at 1253-54. Counsel cannot be faulted for failing to move for an updated PSI, where such motion would have been

13

meritless. See, e.g., Johnson v. Conway, 2011 WL 53165, *5 (W.D.N.Y. Jan. 7, 2011) ("[I]t is well-settled that counsel cannot be faulted for failing to make a meritless objection."). This claim is thus dismissed.

### D. Judicial Misconduct (Ground Five)

Petitioner contends that "the court" committed judicial misconduct by sentencing him "based on ex parte communication with a psychologist," and by sentencing him without ordering and providing to petitioner an updated PSI. Doc. 1 at 16. Petitioner raised his claims regarding the PSI on direct appeal of his resentence to the Fourth Department, which held that those claims were unpreserved for review and were, in any event, meritless. See Campbell, 111 A.D.3d at 1253-54.

"When a state court has rejected a claim both on the merits and because it was waived under the state's procedural law, the procedural holding constitutes an independent and alternate state ground which bars review of the claim on a federal habeas corpus petition, unless the petitioner shows cause for his procedural default and prejudice from the alleged constitutional violation." Costello v. Attorney Gen. of State of N. Y., 1999 WL 689335, *2 (S.D.N.Y. Aug. 31, 1999). Petitioner has neither shown nor alleged such cause or prejudice in this case. Accordingly, petitioner's claim of judicial misconduct based on failure to obtain an updated PSI is dismissed.

In his third and fourth CPL §§ 440.10/440.20 motions, which followed his resentence, petitioner raised his claim regarding the alleged ex parte communication between the judge and an unspecified psychiatrist. Petitioner's claim was based on Judge Tills' comment at petitioner's *original May 31, 2000 sentencing*, in which Judge Tills stated that he had "conferr[ed] with psychiatrists before coming up with [his] decision [as] to how [the trial court] should punish [petitioner]." Sentencing Minutes, May 31, 2000, at 14. In considering petitioner's claim on the CPL §§ 440.10/440.20 motions, construing this claim as an argument that the sentence was illegal and noting that the Fourth Department had found that petitioner's sentence was not illegal, Judge Boller held that the claim was barred pursuant to CPL §§ 440.10(2)(a) and 440.30(4)(d). As noted above, the denial pursuant to CPL § 440.10(2)(a) constituted an adequate and independent state law ground precluding review by this Court. See Cruz, 456 F. Supp. 2d at 419–20. The claim is therefore dismissed.

**F.    Severity of Sentence (Ground Six)**

Finally, petitioner contends that "[i]t was unduly harsh and severe to impose the maximum [five] years of [PSR]" upon resentencing. Doc. 1 at 17. In resentencing petitioner, the trial court was merely carrying out the mandate of New York Corrections Law § 601-d, correcting a Sparber error as noted by the Fourth Department, and imposing the five-year duration of PSR on the counts for which it was originally legally required. "It is well

15

settled that 'no federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.'" Robles v. Lempke, 2011 WL 9381499, *18 (E.D.N.Y. Sept. 9, 2011), report and recommendation adopted, 2012 WL 5507303 (E.D.N.Y. Nov. 14, 2012) (quoting White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); citing Schreter v. Artuz, 225 F. Supp. 2d 249, 258 (E.D.N.Y. 2002) (collecting cases)). This claim is thus dismissed.

## VI. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 16, 2015
         Rochester, New York.